UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEMUN D. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-02747-HEA |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff DeMun D. Walker for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 4). Having reviewed the motion, the Court has determined that, while incarcerated, plaintiff has brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis, and dismiss his complaint without prejudice to the refiling of a fully paid complaint.

**The Complaint**

Plaintiff is a pro se litigant who is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming St. Louis County, Missouri, and the Missouri Department of Corrections as defendants.

Plaintiff states that on May 1, 2007, the Missouri Supreme Court recognized the "denial of [his] substantive constitutional rights" in *State ex rel. Walker v. State of Missouri*, No. SC88406

(Mo. 2007).[1] (Docket No. 1 at 3). He further claims that the Missouri Supreme Court granted him "retroactivity for vacating or setting aside" his convictions and sentences in St. Louis County. The convictions and sentences arose from the case of *State of Missouri v. Walker*, No. 2101R-03893-01 (21st Cir., St. Louis County). (Docket No. 1 at 4). According to plaintiff, the Missouri Supreme Court granted his original writ of habeas corpus but denied his request for immediate release from imprisonment due to Missouri Supreme Court Rule 84.22.[2] (Docket No. 1 at 3).

Subsequently, plaintiff asserts that the United States District Court for the Eastern District of Missouri dismissed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] However, plaintiff claims that the Court determined "with specificity" that his St. Louis County guilty plea, judgment, and sentence were a "manifest injustice."[4]

Since 2007, plaintiff states that he has been filing "pro se applications, writs or motions in the 21st Judicial Circuit Courts of St. Louis County." (Docket No. 1 at 4). In these filings, he has asked his sentencing court to either allow him to withdraw his guilty plea or correct the "manifest injustice [of his] judgment and sentence." So far, the circuit court has denied his requests for "manifest injustice relief remedies."

As a result of the St. Louis County circuit court's refusal to grant plaintiff relief, the Missouri Department of Corrections has continued to rely on his conviction and sentence in

---

[1] Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").
[2] Contrary to plaintiff's allegations, review of plaintiff's case shows that the Missouri Supreme Court denied his petition for writ of habeas corpus pursuant to Mo. S. Ct. R. 84.22. Rule 84.22 provides that: "No original remedial writ shall be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court." Plaintiff filed his petition for writ of habeas corpus directly with the Missouri Supreme Court, and it is apparent that the petition was denied because plaintiff was required to file the petition in a lower court.
[3] *Walker v. State of Missouri*, No. 4:07-cv-1859-ERW (E.D. Mo. Mar. 17, 2018).
[4] The Court notes that plaintiff's petition for writ of habeas corpus was dismissed as time-barred under 28 U.S.C. § 2244(d)(1). The Court made no determination regarding the merits of his petition.

determining the length of his incarceration. Specifically, plaintiff alleges that the Missouri Department of Corrections added nineteen more years of imprisonment to his original sentence.

Plaintiff claims that his rights secured by the Fourth and Fourteenth Amendments have been violated. He states that he has sustained mental and emotional pain, injury, and suffering, including constant anxiety and depression.

Plaintiff seeks an injunctive order that directs the judicial officers of St. Louis County "to comply with administrating manifest injustice relief remedies." (Docket No. 1 at 5). He also requests "injunctive orders directing the Missouri Department of Corrections to correct [his] sentencing records."

**Discussion**

Plaintiff seeks leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee. However, plaintiff has filed at least three previous cases or appeals that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim. As such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to plaintiff refiling a fully-paid complaint.

**A. 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1996 enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

**B. Plaintiff's Previous "Strikes"**

Review of plaintiff's filing history indicates that while incarcerated, plaintiff has filed at least three separate lawsuits or appeals that qualify as "strikes" under 28 U.S.C. § 1915(g). *See Walker v. Missouri Attorney General*, No. 2:09-cv-4129-NKL (W.D. Mo. Nov. 13, 2009) (failure to state a claim); *Walker v. Missouri Attorney General*, No. 10-1788 (8th Cir. 2010) (summarily affirming dismissal pursuant to 8th Cir. R. 47A(a)); and *Walker v. Cole County, Missouri*, No. 2:11-cv-4033-FJG (W.D. Mo. May 10, 2011) (failure to state a claim). These strikes existed prior to plaintiff filing the instant action on October 9, 2019.

Plaintiff's status as being subject to the three-strikes provision of § 1915(g) has been noted on several occasions by the United States District Court for the Western District of Missouri. *See Walker v. Crane*, No. 2:18-cv-4205-FJG (W.D. Mo. Oct. 10, 2018) (stating that three-strikes rule applies to plaintiff, denying plaintiff's motion to proceed in forma pauperis pursuant to § 1915(g), and dismissing case without prejudice to refiling complaint and paying filing fee); *Walker v. Missouri Department of Corrections*, No. 2:18-cv-4188-FJG (W.D. Mo. Sept. 17, 2018) (same); and *Walker v. Missouri Department of Corrections*, No. 2:16-4336-FJG (W.D. Mo. Jan. 18, 2017) (same). The Court notes that plaintiff himself has acknowledged that he is no longer allowed to proceed in forma pauperis due to the three-strikes rule. (Docket No. 1 at 10; Docket No. 5 at 1).

### C. Imminent Danger

Pursuant to § 1915(g), an indigent prisoner who has acquired three strikes may still file a lawsuit if he or she is in imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*.

Here, plaintiff has not alleged that he is in imminent danger. Indeed, his claims do not even reference his conditions of confinement. To the contrary, he is attacking his conviction and sentence from November 2001. As such, plaintiff has failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. The Court will therefore deny plaintiff's motion for leave to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

### D. Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Even if plaintiff were granted in forma pauperis status, his case would still be subject to dismissal. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a case filed in forma pauperis if it determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Here, as discussed below, plaintiff has failed to state a claim against either St. Louis County or the Missouri Department of Corrections. Furthermore, the type of relief plaintiff seeks is not available pursuant to 42 U.S.C. § 1983.

### i. Failure to State a Claim Against Defendant St. Louis County

A local governing body such as St. Louis County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, plaintiff must establish the governmental entity's liability for the alleged unconstitutional conduct. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff makes no mention of any policy, custom, or failure to train on the part of St. Louis County, much less that a policy, custom, or failure to train caused a violation of his constitutional rights. Such facts are necessary to support a municipal liability claim. Therefore, even if plaintiff were allowed to proceed in forma pauperis, his claim against St. Louis County would be subject to dismissal.

### ii. Failure to State a Claim Against Defendant Missouri Department of Corrections

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"). The sovereign immunity conferred by the Eleventh Amendment bars suit against a state or its agencies

for any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the application of sovereign immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state itself waives its immunity to suit in federal court. *Id*. at 65.

Neither exception is implicated in this case. There is no statutory abrogation, because § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Moreover, Missouri has not waived its sovereign immunity for this type of action. *See* Mo. Rev. Stat. 537.600. *See also Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987) (explaining that a state will be found to have waived her immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction").

Here, plaintiff is attempting to sue the Missouri Department of Corrections, a department of the State of Missouri. The Missouri Department of Corrections is immune from suit, whether that suit is for injunctive relief or monetary damages. As such, plaintiff has failed to state a claim.

Thus, even if plaintiff were allowed to proceed in forma pauperis, his claim against the Missouri Department of Corrections would be subject to dismissal.

### iii. Challenge to Sentence Not Appropriate Under 42 U.S.C. § 1983

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); and *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action").

Here, plaintiff is not complaining about the conditions of his confinement. Instead, he is attacking the validity of his conviction and sentence. In particular, he is seeking an injunctive order to compel the judicial officers in St. Louis County "to comply with administrating manifest injustice relief remedies." He also wants an injunctive order directing the Missouri Department of Corrections to correct his sentencing records. When a state prisoner challenges "the very fact or duration" of his imprisonment, and when he seeks a determination that he is entitled to either immediate or speedier release, "his sole federal remedy is a writ of habeas corpus." *See Preiser*, 411 U.S. at 500. It is apparent that plaintiff is attempting to bring this action pursuant to 42 U.S.C. § 1983 because his prior 28 U.S.C. § 2254 petitions have been unsuccessful.[5] Nevertheless, the

---

[5] Plaintiff has brought the following 28 U.S.C. § 2254 actions in the United States District Court for the Eastern District of Missouri: *Walker v. State of Missouri*, No. 4:07-cv-1859-ERW (E.D. Mo. Mar. 17, 2008) (dismissed as time-barred); *Walker v. State of Missouri*, No. 4:08-cv-903-ERW (E.D. Mo. July 21, 2008) (dismissed as time-barred and duplicative); *Walker v. State of Missouri*, No. 4:08-cv-1307-ERW (E.D. Mo. Sept. 24, 2008) (dismissed as successive); *Walker v. Dormire*, No. 4:11-cv-53-ERW (E.D. Mo. Feb. 3, 2011) (dismissed as successive); and *Walker v. Steele*, No. 4:14-cv-819-NCC (E.D. Mo. May 2, 2014) (transferred to United States District Court for the Western District of Missouri).

relief he seeks is not available under § 1983. Therefore, even if plaintiff were granted in forma pauperis status, his claims would be subject to dismissal.

   E. **Pending Motions**

Plaintiff has filed two motions to appoint counsel (Docket No. 2; Docket No. 6) and a motion for summary judgment (Docket No. 7). The motions will be denied as moot as this action is being dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (Docket No. 2; Docket No. 6) and motion for summary judgment (Docket No. 7) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE