**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEMUN D. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-02747-HEA |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff DeMun D. Walker's "Motion for Relief from the Without Prejudice Order," which has been construed as a motion for reconsideration of the Court's March 6, 2020 order of dismissal. (Docket No. 11). For the reasons discussed below, the Court will decline to alter or amend its judgment.

## Discussion

In his motion, plaintiff states that he is in imminent danger and excepted from the "three strikes" provision of 28 U.S.C. § 1915(g). Specifically, he states that he has not "fully recovered" from being physically assaulted in the past, and that he "will not recover" from the anxiety of having to be strip-searched while incarcerated. These assertions are insufficient for application of the imminent danger exception, because he has not demonstrated that he was in imminent danger at the time of filing. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (stating that the imminent danger exception provides a "safety valve for the three strikes rule to prevent impending harms"). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Moreover, the Court notes that plaintiff's allegations of imminent danger have nothing to do with the substance of his complaint,

in which he claimed that his constitutional rights had been violated due to a "manifest injustice" in his criminal conviction and sentence in state court.

Plaintiff's motion also revisits his argument that he is entitled to injunctive relief with regard to his state court conviction and sentence. Having reviewed those arguments, the Court finds that plaintiff has not pointed to any manifest errors of law or fact, or presented any newly discovered evidence. Instead, plaintiff merely revisits the allegations set forth in his complaint. Therefore, plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from the denial of plaintiff's motion for reconsideration would not be taken in good faith.

Dated this 19th day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE